sonal injuries caused by a fall on a slippery sidewalk, where it appeared that the snow and ice causing the conditions complained of were not such as to amount to an obstruction, *held* error to deny defendant's motion for a peremptory instruction in its favor, although it appeared that the condition of the sidewalk which caused the accident was due to the act of the servants of defendant in piling snow upon a vacant lot adjacent to the part of the sidewalk where the accident occurred, from which, after the snow melted, water ran on the sidewalk and by freezing caused such conditions, for the reason that such conditions do not constitute a defect in the sidewalk which renders the city liable to plaintiff for the accident sued for.

---

## Olaf Nelson, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 20,864.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed October 5, 1915. Rehearing denied October 19, 1915.

### Statement of the Case.

Action by Olaf Nelson, plaintiff, against the Chicago City Railway Company, defendant, in the Circuit Court of Cook county, to recover for personal injuries due to being struck by an electric street car. From a judgment for plaintiff for $6,500, defendant appeals.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

ROST & SMITH and ASHCRAFT & ASHCRAFT, for appellee; EDWIN M. ASHCRAFT and JOHN A. IRRMANN, of counsel.

DeBenio et al. v. Catholic Order of Foresters, 194 Ill. App. 616.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

STREET RAILROADS, § 97*—*when evidence shows negligence in crossing before car.* In an action to recover for personal injuries caused by being struck by a rapidly moving electric street car, a verdict finding plaintiff not guilty of contributory negligence *held* not justified by the evidence, where plaintiff's own testimony shows that at the time of the accident he was not in the exercise of due care for his own safety, as it appears that while on the west side of the street, and seeing such car rapidly approaching, he nevertheless started to cross to the east side of the street, and in so doing attempted to pass in front of such car, although he knew he would be struck by the car unless its speed was checked; and such conduct is not rendered less negligent by other testimony tending to show that plaintiff's companions, who were standing on the east side of the street near a "stop-ball," had signaled said car to stop thereat, which said car was bound to do on such signal, in consequence of which plaintiff testified that he expected the speed of said car to "slack up."

---

## Rosina De Benio and Angelina De Benio, Appellees, v. Catholic Order of Foresters, Appellant.

### Gen. No. 20,872.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 15, 1915.

## Statement of the Case.

Action by Rosina De Benio and Angelina De Benio, plaintiffs, against the Catholic Order of Foresters, defendant, in the Municipal Court of Chicago, to recover on a benefit certificate issued by defendant to Fran-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.